FILED
CLERK, U.S. DISTRICT COURT

February 21, 2014.

CENTRAL DISTRICT OF CALIFORNIA
BY: \_\_\_\_VPC\_\_\_\_ DEPUTY

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED DESERT CHARITIES, FRED EDE, III, EMILY WILLIAMS, BRUCE PRITCHARD and JEAN STEINER on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SLOAN VALVE COMPANY, AMERICAN STANDARD BRANDS AS AMERICA, INC., KOHLER CO., GERBER PLUMBING FIXTURES, LLC, MANSFIELD PLUMBING PRODUCTS, LLC, HOME DEPOT, U.S.A., INC., and DOES 1-10, inclusive,<br><br>Defendants. | Case No. CV12-06878 SJO (SHx)<br><br>**ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, CERTIFYING SETTLEMENT CLASS, APPROVING PROPOSED NOTICE, AND SCHEDULING FINAL FAIRNESS HEARING**<br><br>Action Filed: August 9, 2012<br><br>*The Honorable S. James Otero*<br><br>Consolidated Cases:<br>*Berube v. Flushmate*<br>2:13-cv-02372-SJO-SH<br>*Brettler v. Flushmate*<br>2:13-cv-02499-SJO-SH<br>*Kubat, et. al. v. Flushmate*<br>2:13-cv-02425-SJO-SH<br>*Patel v. Flushmate*<br>2:13-cv-02428-SJO-SH<br><br>Related Case:<br>*Dimov, et. al., Sloan Valve Co.,*<br>1:12-cv-09700 (N.D. Ill) |

Upon review and consideration of Plaintiffs' Unopposed Motion for Preliminary Approval, the Class Action Settlement Agreement and Release ("Settlement"), and all declarations and exhibits submitted therewith, which have been filed with the Court, it is hereby ORDERED and ADJUDGED as follows:

1. The parties have agreed to settle the following consolidated actions: *United Desert Charities, et al. v. Sloan Valve Company, et al.*, Case No. CV12-06878 SJO (SHx) (C.D. Cal.); *Berube v. Flushmate*, Case No. 2:13-cv-02372-SJO-SH (C.D. Cal.); *Brettler v. Flushmate*, 2:13-cv-02499-SJO-SH (C.D. Cal.); *Kubat, et al. v. Flushmate*, 2:13-cv-02425-SJO-SH (C.D. Cal.); *Patel v. Flushmate*, 2:13-cv-02428-SJO-SH (C.D. Cal.) (hereinafter, collectively, the "Consolidated Actions"); and the related Action, *Dimov, et al. v. Sloan Valve Company*, pending in the United States District Court for the Northern District of Illinois, Case No. 1:12-cv-09700 (N.D. Ill.) (hereinafter, the "Related Action") upon the terms and conditions set forth in the Settlement. The definitions in the Settlement are hereby incorporated as though fully set forth in this Order. This Court has jurisdiction over the subject matter and parties to this action pursuant to 28 U.S.C. § 1332(d)(2) and 28 U.S.C. § 1453.

2. For purposes of disseminating Notice to the Class, the Settlement, including all exhibits thereto, is preliminarily approved as fair, reasonable, and adequate. The Plaintiffs, by and through their counsel, have investigated the pertinent facts and law, have engaged in motion practice and discovery, and have evaluated the risks associated with continued litigation, trial, and/or appeal. The Court finds that the Settlement was reached in the absence of collusion, is the product of informed, good-faith, arms-length negotiations between the parties and their capable and experienced counsel, and was reached with the assistance of a well-qualified and experienced mediator, the Honorable William J. Cahill (Ret.). The Court further finds that the proposed Class meets the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) and should be certified for settlement

1  purposes only; that the named Plaintiffs in the Consolidated Actions and the
2  Related Action should be appointed as Class representatives; that the attorneys
3  identified below should be appointed as Class Counsel; and that it is appropriate to
4  effectuate notice to the Class and to schedule a Fairness Hearing to assist the Court
5  in determining whether to grant final approval to the Settlement and enter a Final
6  Order and Judgment.

7  3.   The Settlement confers substantial benefits upon the Settlement Class
8  and avoids the costs, uncertainty, delays, and other risks associated with continued
9  litigation, trial, and/or appeal. Defendants will pay a minimum of $18,000,000 into
10 a common fund benefiting owners of the Flushmate Toilets at issue in this case.
11 The cash payment may increase if the fund is insufficient to satisfy certain unpaid
12 Eligible Property Damage claims made under the Settlement, provided that the
13 Settlement Fund and Claims Administration Trust Accounts are exhausted and the
14 total amount of approved Eligible Property Damage claims submitted during the
15 Claims Period and paid from the Claims Administration Trust Account to
16 Settlement Class Members exceeds $1,500,000 in the aggregate. The Claims Period
17 will last for at least two years to enhance Class members' ability to obtain the
18 Settlement Benefits. Moreover, the Settlement will advance the public safety
19 inasmuch it is structured to maximize Class members' incentive to repair or replace
20 their Flushmate Toilets. The Court therefore finds that the Settlement falls within
21 the range of reasonableness and, as such, merits preliminary approval.

22 4.   The Class, which is to be certified for settlement purposes only,
23 consists of any Person who owns or owned a Flushmate System or Flushmate
24 Toilet installed in the United States. Excluded from the Class are (1) Defendants,
25 any entity in which Defendants have a controlling interest, or which have a
26 controlling interest in Defendants and Defendants' legal representatives, assigns,
27 and successors, and any retailers or wholesalers of the Flushmate System or
28 Flushmate Toilets, and (2) the judges to whom this case is or was assigned and any

members of the judges' immediate families. Also excluded from the Class are (3) all Persons who have obtained a judgment against Defendants with regard to the Released Claims on or before the date of Preliminary Approval by the Court; (4) all Persons who, prior to Preliminary Approval, received cash reimbursement from Flushmate for property damage resulting from a Burst or Leak in their Flushmate System; (5) all Persons who have incurred damages as a result of a Leak or Burst of a Flushmate System that occurred on or before August 9, 2008, but who have not brought any civil action relating thereto on or before August 9, 2012; (6) all Persons whose Property previously contained, but no longer contains, a Flushmate System or Flushmate Toilet, and have not experienced a Leak or Burst of a Flushmate System or Flushmate Toilet, except Persons who replaced their Flushmate Toilets in response to the Recall; and (7) all Persons who formerly owned Property that contained a Flushmate System, and did not experience a Leak or Burst of a Flushmate System or Flushmate Toilet during their ownership.

5. The Court finds, for purposes of the settlement only and without prejudice to Defendants' right to contest class certification if the Settlement is not finally approved, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied:

    a. The members of the Class are so numerous that joinder of all members is impractical. Fed. R. Civ. P. 23(a).

    b. This litigation involves common class-wide issues that would drive the resolution of the claims absent the Settlement. Fed. R. Civ. P. 23(b); *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011). Several disputed issues are common to Plaintiffs and the Class, including whether the Flushmate System is subject to failure; whether the Flushmate System creates an unreasonable safety risk; and whether Sloan knew or should have known that the Flushmate System was allegedly defective.

    c. The claims of the named Plaintiffs are typical of the claims of

the Class. Fed. R. Civ. P. 23(c). Typicality is satisfied because the conduct at issue is alleged to have caused similar harm at the point of purchase to Plaintiffs and the Class.

        d.      The named Plaintiffs are adequate Class representatives and possess the same interests in the outcome of this case as the other Class members. Fed. R. Civ. P. 23(d). The named Plaintiffs—like all Class members—own one or more Flushmate Toilets. Accordingly, the Court appoints as Settlement Class Representatives United Desert Charities, Fred Ede, III, Emily Williams, Bruce Pritchard, Jean Steiner, Daniel Berube, Jeffrey Brettler, Randy Kubat, John Snyder, Milen Dimov, Trigona Dimova, Scott Iver, Neal Olderman, and Pankaj Patel. Additionally, the Court appoints the following firms as Class Counsel for purposes of effectuating the Settlement: Birka-White Law Offices; Lieff Cabraser Heimann & Bernstein, LLP; Parker Waichman LLP; Levin Fishbein, Sedran & Berman, LLP; Audet & Partners, LLP; Wexler Wallace, LLP.; Holland Groves Schneller & Stolze LLC; and Geragos & Geragos, P.C. The Court finds that these law firms are qualified to serve as Class Counsel.

        e.      The Court also finds that common issues predominate and the proposed Settlement is a superior way to resolve this national controversy. Fed. R. Civ. P. 23(b)(3). The claims of fraudulent representations and omissions and other breaches focus primarily on Defendants' conduct, and the economic loss claims share a common damages measurement. The Settlement's efficient limited release of Property Damage claims does not affect the predominance of common issues given that these claims arise from the same facts and are subject to additional, uncapped consideration.

        f.      For these reasons, the Court preliminarily certifies the Class under Rules 23(a) and 23(b)(3) for settlement purposes only and without prejudice to Defendants' right to contest class certification if the Settlement is not finally approved.

1  6. The Court approves, as to form and content, the Notices attached as Exhibits B, E, F, and H to the Notice Program attached as Exhibit 3 to the Declaration of Katherine Kinsella (as modified by the parties' written Stipulation Following February 10, 2014 Hearing on Plaintiffs' Unopposed Motion for Preliminary Settlement Approval), for dissemination to the Class.

7. The Court finds that this Notice Program is reasonable and provides due, adequate and sufficient notice to all Persons entitled to receive notice, and meets the requirements of due process and Rule 23. The Court further finds that the Notice Program complies with Rule 23(c)(2)(B) because it constitutes the best notice practicable under the circumstances, provides individual notice to all Class members who can be identified through reasonable effort, and is reasonably calculated under the circumstances to apprise the Class members of the nature of the action, the claims it asserts, the Class definition, the Settlement terms, the right to appear through an attorney, the right to opt out of the Class or to comment on or object to the Settlement, how to do so, and the binding effect of a final judgment upon Class members who do not opt out.

8. The Claims Administrator shall disseminate Notice to the Class. Class members and certain plumbing contractors shall receive individualized notice via United States Mail as described in the Settlement and the Notice Program. Additionally, the Notice shall be published in accordance with the Notice Program. All costs associated with this Notice Program shall be paid as provided for in the Settlement.

9. Pursuant to a Stipulated Protective Order to be entered concurrently with this Order, Defendants will provide the reasonably available contact information they have for Class members, including names, street addresses, and/or e-mail addresses, to the Notice Provider and Claims Administrator within 20 business days after entry of this Preliminary Approval Order.

1  10. Under the Settlement, Class Counsel shall file their Motion for Final
2  Approval and Motion for Class Counsel's Attorneys' Fees and Cost
3  Reimbursement and Incentive Awards to Class Representatives by June 30, 2014.
4  Any Class member may request exclusion from the proposed Settlement; any such
5  request for exclusion must be postmarked by July 25, 2014 and received by the
6  Claims Administrator. Any Class member may object to the Settlement and/or to
7  Class Counsel's request for attorneys' fees and costs; any such objection must be
8  received by the Court and by Counsel by July 30, 2014. Plaintiffs' and Defendants'
9  responses to Objections and Reply Briefs, if any, shall be filed by August 8, 2014.
10  11. The dates of performance contained herein may be extended by Order
11  of the Court, for good cause shown, without further notice to the Class.
12  12. The Fairness Hearing shall be held before this Court on August 25,
13  2014, to (i) consider the fairness, reasonableness, and adequacy of the Settlement;
14  (ii) consider entry of a Final Order and Judgment approving the Settlement and the
15  dismissal with prejudice of the Consolidated Actions; (iii) consider any objections
16  to the Settlement filed by Class members; (iv) consider Class Counsel's application
17  for an award of attorneys' fees and reimbursement of costs and expenses; (v)
18  consider the payment of Incentive Awards to the Class Representatives; and (vi)
19  consider such other matters as the Court may deem necessary or proper under the
20  circumstances in accordance with Federal Rule of Civil Procedure 23. The Fairness
21  Hearing may be postponed, adjourned, or continued by Order of the Court without
22  further notice to the Class. After the Fairness Hearing, the Court may enter a Final
23  Order and Judgment in accordance with the Settlement.
24  13. Pending the Fairness Hearing, other than proceedings necessary to
25  carry out or to enforce the terms and conditions of the Settlement, this matter is
26  stayed.
27  14. If the Settlement does not receive Final Approval, then the Settlement
28  shall become null and void. Plaintiffs, Class members, and Defendants shall be

1 restored to their respective positions prior to the entry of this Order.

2       15.    The Court hereby appoints Kinsella Media, LLC of Washington, D.C., to serve as the Notice Provider as provided under the Settlement. All reasonable fees, costs, and expenses of the Notice Provider shall be paid as provided in the Settlement. Notice shall be completed by June 30, 2014.

      16.    The Court hereby appoints Class Litigation Administration and Support Services of Lancaster, California, to serve as the Claims Administrator as provided under the Settlement and Plan of Allocation. All reasonable fees, costs, and expenses of the Claims Administrator shall be paid as provided in the Settlement.

      17.    The Court hereby appoints Hon. William J. Cahill (Ret.) of JAMS, San Francisco, to serve as the Special Master as provided for under the Settlement and Plan of Allocation. All reasonable fees, costs, and expenses of the Special Master shall be paid as provided in the Settlement.

      18.    Class Counsel and Counsel for Defendants are hereby authorized to employ all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Settlement, including making, without further approval of the Court, non-material changes to the form or content of the Notice.

      IT IS SO ORDERED this 21ST day of February, 2014

*S. James Otero*

The Honorable S. James Otero
United States District Judge